In the Matter of HERBERT FARRELL et al., Appellants, against JAMES S. WATSON et al., Constituting the Municipal Civil Service Commission of the City of New York, et al., Respondents.

First Department, February 13, 1952.

*Leo Brown* of counsel, for appellants.

*Edward J. McLaughlin* of counsel (for the *Corporation Counsel*), for respondents.

Dore, J. Petitioner Lynch, a disabled United States veteran of World War II, and petitioners Farrell and McDonald, veterans of that war, appeal from an order of Special Term denying petitioners a final order (1) directing the municipal civil service commission to place them on a special military eligible list for the position of train dispatcher; (2) directing certification by the commission of petitioners to the board of transportation and appointment by the board to such position, and (3) directing payment to petitioners of the difference between salaries actually received and salaries they should have received as train dispatchers from the date they should have been appointed to the date of actual appointment as train dispatchers.

Special Term, after construing the relevant section of the Military Law (§ 246, subd. 5), directed a trial on the ground it was not clear whether any veteran with a lower rating than any of petitioners had been appointed from the special eligible list. Defendants have not appealed.

Neither in the answer nor in their brief do defendants raise any question as to the actual fitness of petitioners for promotion to the position of train dispatcher. On the contrary, defendants' answer alleges that on July 6, 1950, as the result of a special military examination, petitioners were placed on an eligible list for promotion to the position of train dispatcher in accordance with their final examination ratings. As defendants permitted petitioners to take the examination for promotion to train dispatcher and placed them on an eligible list therefor, defendants must have been satisfied that petitioners were fit for the position of train dispatcher and theirs is the responsibility for certification and appointment of petitioners if the law otherwise requires such certification and appointment.

The rights of these petitioners to promotion after honorable discharge are set forth in subdivision 5 of section 246 of the Military Law. That subdivision first provides that an employee

restored to his position after termination of his military duty " shall not be subjected directly or indirectly to any loss of time service, increment or any other right or privilege, or be prejudiced in any way with reference to promotion " by reason of his absence in military service. It then *inter alia* provides: " If a promotion examination is held while a public employee entitled to participate therein is on military duty, such public employee shall be given a comparable examination, provided he makes request therefor * * *. If he passes such examination his name shall be placed upon a special eligible list provided that his name would have been reached for certification between the date when he entered upon such military duty and the date that he was officially notified that he had passed such examination. His name shall likewise be placed upon such special eligible list if, between the aforementioned dates, any veteran or disabled veteran, as the case may be, who achieved a lesser rating in the examination was appointed from the eligible list or special eligible list by reason of veteran's preference or disabled veteran's preference, as the case may be, and further provided that such person is entitled to a preference in like manner. Such special eligible list shall remain in existence for a period of two years from the date that the name of such person is placed thereon or for a period of two years from the date this act takes effect, whichever is the longer period and such special eligible list shall be certified before certification shall be made from any subsequent or eligible list, whether open competitive, promotion or preferred which has been established for the same position, or from the original eligible list for such position. "

Each petitioner is an honorably discharged United States veteran of World War II and each was engaged in the actual performance of military duty in the armed forces of the United States when in 1945 defendant commission held a promotion examination for the position of train dispatcher. From the original list resulting from that examination, the answer admits: " All of the * * * veterans were accorded absolute veteran's preference when certified. " In addition to veterans, nonveterans were also appointed.

Defendants' position is, not that petitioners are actually unfitted by knowledge or experience for the jobs, but that they were not entitled to be placed on a special eligible list under the Military Law because their names would not have been reached for certification on the original list by reason of their standing and because no veteran or disabled veteran who

achieved a lesser rating on the original list was certified or appointed. Defendants admit that promotions to the position of train dispatcher were made of nonveterans but they state the last nonveterans reached for such appointment had a higher average than any of petitioners. Defendants contend that the rights accorded by the Military Law were only intended to give public employees the same rights they would have enjoyed but for their entrance into military service and that the provisions of subdivision 5 of section 246 of the Military Law only means certification of the petitioners in accordance with their standing on the list and without regard to any veteran's preference.

Although petitioners requested on June 29, 1947, a comparable examination to the promotion examination for the position of train dispatcher that had been held on May 19, 1945, the special examination for promotion afforded petitioners was not granted until March 29, 1950. Petitioners satisfactorily passed the special examination for promotion to the position of train dispatcher and their names were placed on a single special military eligible list and assigned positions in relation to the combined eligible list resulting from the original promotion examination for the position of train dispatcher. The resulting special eligible list was not published until July 22, 1950, by which time the original promotion eligible list had already expired on March 19, 1950.

The operative sentences in subdivision 5 of section 246 of the Military Law commencing '' If he passes such examination '' etc. were added to the section by chapter 778 of the Laws of 1949. Prior thereto the sole provision with respect to the place that the re-examined veterans were to take on eligible lists was that they were to be placed on the regular promotion list in the relative order of rating. Thus it is seen that the new provision that the veteran re-examined should go on a special eligible list providing his name '' would have been reached for certification '' between the date when he entered upon such military duty and the date when he was officially notified that he had passed a comparable examination, was added to change the law that he was to be placed upon existing eligible lists in the relative position of his rating.

This amended statute must be read in the light of the Constitution of the State as it existed on the date of the amendment of 1949. At that time, section 6 of article V of the Constitution, after providing for preference for disabled veterans, said: '' Until December thirty-first, nineteen hundred fifty, but in

no event for a period less than five years next following the honorable discharge or release under honorable circumstances of a member of the armed forces of the United States who served therein in time of war, who is a citizen and resident of this state and was a resident at the time of his or her entrance into the armed forces of the United States, he or she shall be entitled, after such disabled members of the armed forces shall have been first preferred, to similar preference in appointment and promotion." Accordingly, in 1949 and 1950 disabled veterans got the first preference, nondisabled veterans a second preference, and the appointment of nonveterans would only follow after the exhaustion of those preferences. Section 21 of the Civil Service Law, as amended, implemented these constitutional provisions and provides for appointments in the order last indicated.

The amendment of the Military Law in 1949 added two conditions with respect to the special eligible lists. If we consider the second condition first, we find that the newly examined eligible was to be placed on a special eligible list if between the date when he entered upon military duty and the date when he was officially notified that he passed the examination " any veteran or disabled veteran * * * who achieved a lesser rating in the examination was appointed from the eligible list or special eligible list by reason of veteran's preference or disabled veteran's preference and provided further that such person is entitled to a preference in like manner." It is clear that the constitutional and statutory preferences which were being granted to nondisabled as well as disabled veterans between 1949 and 1950 were being followed in the military statute. It is likewise clear that under the above-quoted sentence the new eligible would receive the benefit of his veteran's standing when comparison is being made with former lists to ascertain whether he should be appointed; for he could get preference over veterans with lower marks if there were any left on the list. Said lower rated veterans would in turn be entitled to preference and appointment over any non-veterans. It would thus seem logical that when petitioners' rights as against nonveterans on the list were being considered the statute intended that they would be entitled to the rights of preference of veterans over nonveterans. It seems reasonably clear that it was likewise intended that under the first conditions (if he passed and " would have been reached ") for certification, the eligible was also to have the benefit of his veteran's standing when such comparison was made. In fact,

there would be no need for change in the first sentence if, as to nonveterans, these new eligibles were to go on the list according to their examination marks or relative order of rating.

When the clauses in question were added to the Military Law in 1949, the Constitution provided for preference to nondisabled as well as disabled veterans, and gave nondisabled veterans the right to certification before nonveterans. The provisions of the Military Law in question must be read in the light of applicable provisions relative to preference allowed to war veterans in section 6 of article V of the State Constitution, effective during the dates here in question and until December 31, 1950, and the Civil Service Law (§ 21, subd. 3, par. [a], cls. [1], [2], [3]) also effective during such dates. So read, petitioner Lynch as a disabled veteran had an absolute right to preference under the Constitution, "without regard to his * * * standing on any list from which such appointment or promotion may be made" and the other two petitioners as veterans had the right to certification and appointment under the above section of the Constitution and the Civil Service Law prior to nonveterans.

Petitioners do not contend that they are entitled to replace appointees already appointed but contend that the board of transportation requested the commission to certify to that board a sufficient number of persons from the eligible list for appointment to the position of train dispatcher to fill existing vacancies in such position. In fact, it is alleged and not denied that pursuant to the board of transportation's request, the commission certified said persons on the list including veterans McDonald and Farrell for appointment to the position of train dispatcher but later the commission withdrew the certification and accordingly the board failed and refused to appoint and later the board informed the petitioners that their names had been removed from the special military eligible list.

On our construction of the Military Law, there is no necessity of a trial. Read in the light of the proper construction of subdivision 5 of section 246 of the Military Law, the applicable provisions of the State Constitution, and the Civil Service Law effective on the dates here in question, petitioners are entitled to an order directing the commission (1) to reinstate the names of petitioners on the special military eligible list for promotion to the position of train dispatcher, and (2) to certify petitioners to the board of transportation for appointment to such position.

The order appealed from should be reversed, with $20 costs and disbursements to petitioners-appellants, and an order entered granting petitioners the relief hereinabove indicated. Settle order.

VAN VOORHIS, J. (dissenting). This proceeding has been instituted for the purpose of reviewing the action of the Municipal Civil Service Commission, in declining to place the names of petitioners upon a special military eligible list for promotion to the position of train dispatcher in the New York City transit system, to compel the commission to certify their names to the board of transportation for appointment, and also to compel the board to appoint them as train dispatchers with back salary. Petitioners appeal from an order directing a trial of the issues instead of granting summarily the relief demanded in the petition.

The determination of this proceeding depends upon the construction of subdivision 5 of section 246 of the Military Law, and particularly that portion thereof which directs that if a promotional examination is held while a public employee entitled to participate therein is on military duty, he shall be given a comparable examination on request after being honorably discharged, and, if he passes such examination, that his name shall be placed upon a special eligible list to fill subsequent vacancies in the higher position subject to certain conditions. The municipal civil service commission did not place petitioners' names upon such a list for the reason that they failed to fulfill these statutory conditions. This determination was clearly correct.

The Legislature provided that the name of a veteran should not go upon such a list, notwithstanding that he had passed the comparable examination, unless (1) " his name would have been reached for certification between the date when he entered upon such military duty and the date that he was officially notified that he had passed such examination "; or (2) unless " between the aforementioned dates, any veteran or disabled veteran, as the case may be, who achieved a lesser rating in the examination was appointed from the eligible list or special eligible list by reason of veteran's preference or disabled veteran's preference, as the case may be, and further provided that such person is entitled to a preference in like manner."

The decision of this appeal taken by petitioners depends upon the interpretation of the contingency described above as (1), viz., whether petitioners would have been reached for

certification except for their military service. Special Term held that on the basis of the facts stated in the petition they would not have been reached for certification under this clause. The order grants a trial in order to ascertain whether any veteran with a lower rating has been appointed under the contingency numbered (2). Although there is no evidence that any veteran with a lower rating has been appointed, the commission and the board have not appealed. Consequently the only bearing which the second statutory contingency has upon this appeal, is in interpreting the meaning of the first contingency.

The question on which decision of the appeal hinges is whether the promotion of nonveterans with higher merit ratings than petitioners means that petitioners would have been reached for certification if they had not been on military duty. Special Term held correctly, as I think, that in determining whether a soldier would have been reached for certification except for military duty, the Legislature intended him to be placed in as good a situation as though he had not entered the military service, but not in a better situation. The meaning is that honorably discharged veterans shall be placed upon a special eligible list, entitled to veterans' preferences in promotion to future vacancies, but only if they shall have passed the comparable promotional examination with marks as high as those of nonveterans who were reached for certification when the positions had to be filled. In other words, the idea which the statute expresses, is that the examination taken by veterans after having been honorably discharged, is to be of equal difficulty with the examination which was previously given to the nonveterans who had to carry on in civil life while these soldiers were on duty; that the civilians who actually filled these positions during wartime are not to be superseded by the returned veterans, nor are the latter to be prejudiced due to having been prevented by the war from taking the examination on the basis of which the original list was promulgated. The Legislature compromised this difficulty by directing that if the soldier, after being mustered out of service, does as well upon the comparable examination as the nonveterans did upon the original examination who were reached for certification in his absence, the veteran's name should be placed upon a special eligible list entitled to veteran's preference in filling future vacancies. That means that those upon the special eligible list were to be preferred over nonveterans and disabled veterans were to be preferred over other veterans, regardless of their

relative standings, when positions as train dispatcher became open after the special list was promulgated. But veteran's preference had nothing to do with who was to go upon this special eligible list under contingency No. (1), any more than it was to count in the grading of the examinations. The Legislature considered that veterans should be entitled to this special opportunity for promotion in the future, only if they could have met the competition for the similar positions which had to be filled while they were at war. The Military Law does not say that veterans are to go upon a special eligible list merely because of passing a comparable examination; they are entitled to go on the list under this provision only if their marks measure up to the marks on the original examination of those who were reached for certification while petitioners were away. Unless they measure up to that standard, the effect is the same as though they did not pass the examination. Veterans' preferences have no effect upon eligibility to be placed upon the special list under the portion of the statute which is being considered.

When the original promotional examination for train dispatcher was given in 1945, petitioners were still in the military service. It could not be known then whether they would ever be honorably discharged, nor whether any of them would suffer service connected disability. After names had been placed upon such a special eligible list, veterans' preferences would count in promotion to future vacancies, but their status either as veterans or disabled veterans would not assist them to go on the list, nor could they go on the list under this portion of the statute unless their marks were at least equal to the marks of those who were reached for certification in their absence.

The contingency in subdivision 5 of section 246 of the Military Law, which has been described above as (2), demonstrates that veteran status is not to be taken into account in applying the contingency described as (1). The provision in (2) that "his name shall *likewise* be placed upon such special eligible list" (italics supplied) if any veteran or disabled veteran, previously discharged from the service, shall have been appointed who achieved a lesser rating than petitioners in the examination, would have been unnecessary if petitioners' contention be correct. The meaning is that petitioners' names are to be placed upon a special list if, and only if, their standings upon the comparable examination were such that they would have been certified for promotion in competition with the non-veterans upon the original list, or in competition with veterans previously discharged from the service in time to

get upon either the original list or some prior special eligible list. It would have been a simple matter for the Legislature, if it had so intended, to provide that a veteran be placed upon a special eligible list if any nonveteran had been certified for promotion after the applicant entered the military service.

This nullifies the contention of appellants that they were prejudiced by delay in conducting their examination. If, as Special Term held, their marks upon the comparable examination were not high enough to entitle their names to be placed upon a special list, it could make no difference to them when the eligible list which they failed to make was promulgated. Their names would not have gone upon the list even if it had issued at an earlier date. The time when this list was prepared had nothing to do with whether petitioners' marks were as high as those of others who had previously been reached for certification. In fact, the longer the time which elapsed, the greater would be the chance that someone would have been promoted whose standing was as low as the highest of the petitioners. The delay, which tended to help petitioners, appears not to have been occasioned by any purpose to injure them, but was evidently due to awaiting the decision by the Court of Appeals in *Matter of Goldberg* v. *Morton* (299 N. Y. 559), which bore upon what persons were entitled to be admitted to the examination.

The argument based upon the constitutional amendment to section 6 of article V of the State Constitution, appears to imply that a construction of subdivision 5 of section 246 of the Military Law in favor of petitioners is necessary in order to save the constitutionality of that statute. That is not, however, the case. This provision of the Military Law, intended to protect promotional rights of servicemen, was adopted before this amendment to the Constitution became effective on January 1, 1946. It is an earlier independent provision of law, and deals with a different phase of the subject. The statute was neither dependent upon nor was it designed to execute the constitutional provision. There is no dispute that under this clause in the Constitution, all honorably discharged veterans were entitled to preference over nonveterans in appointment or promotion to civil service positions, nor that disabled veterans were entitled to preference for the same purposes over nondisabled veterans. This constitutional mandate refers, however, to appointments and promotions occurring after the veteran was discharged from the service, and when he would have been able to proceed at once to undertake the actual performance of the

duties of the position. It has no relation to the filling of positions, or to the establishment of eligible lists while the applicants continued in the military service, and when it could not be known whether they ever would be honorably discharged, or would be wounded. There was no intention that veterans should supersede those who had to be appointed in their absence, nor to give them greater rights than they would have possessed if they had been available when the positions were filled.

The order appealed from should be affirmed, with costs.

COHN, CALLAHAN and SHIENTAG, JJ., concur with DORE, J.; VAN VOORHIS, J., dissents and votes to affirm, in opinion.

Order reversed, with $20 costs and disbursements to appellants, and an order is directed to be entered granting petitioners the relief indicated in the opinion herein. Settle order on notice.