In the Matter of Thomas E. Cotter, Jr., Appellant, against James S. Watson et al., Constituting the Municipal Civil Service Commission of the City of New York, et al., Respondents.

First Department, July 7, 1953.

*Leopold V. Rossi* (*Lester G. Knopping* and *John H. Scully* with him on the brief), for appellant.

*Anthony Curreri* of counsel (*Seymour B. Quel* with him on the brief; *Denis M. Hurley, Corporation Counsel,* attorney), for respondents.

BERGAN, J. Petitioner was born November 4, 1922. When he was nineteen years old in 1941 he passed an open competitive examination for the position of fireman in the New York fire department and his name appeared on an eligible list promulgated in December, 1941.

On December 29, 1941, petitioner enlisted in the United States Marine Corps. He was discharged from service September 13, 1945. Six months later he was appointed to the position of fireman on April 1, 1946, from the list established in 1941 (Military Law, § 246).

On November 29, 1946, a promotion examination for the position of lieutenant in the fire department was conducted. Petitioner took the examination and passed it. To qualify to take it, however, it was necessary that he be then a fireman first grade. To be a fireman first grade it was in turn necessary that he have served in the position of fireman for three years (Administrative Code of the City of New York, § 487a–7.0).

There was no time for this between his appointment on April 1, 1946, and the promotion examination conducted later the same year, and the question presented by this case turns on how his status in the civil service was affected by the course of his military career.

It is conceded by the petitioner on one hand that he would have been ineligible for appointment as a fireman until after he had become twenty-one years old on November 4, 1943; but on the other hand the respondents do not argue that petitioner's name was not properly on the eligible list established in December, 1941.

In view of this, petitioner would have become eligible to appointment from the list on November 4, 1943, when he became twenty-one years old. He was then in active service with the Marine Corps. The statute provides that " Any person whose name is on any eligible list " and who is in military duty shall " retain his rights and status on such list " (Military Law, § 246, subd. 7). For the purpose of " computing seniority credit " such a person shall " be deemed to have been appointed on the earliest date upon which any eligible, who was the lower on such original eligible list, was appointed."

During the manpower shortage of the war period the Legislature authorized the appointment of temporary firemen (L. 1943, ch. 47). These appointments were authorized in a status comparable to " the lowest uniformed grade ", where it was certified that persons were not available " for regular appointment " from " appropriate civil service lists ". Such an appointee was given " all of the powers of " a regular fireman except that he was not " a member of " the regular force for " any purpose ".

For the purpose of regulating this kind of appointment the city established a temporary " emergency provisional list " and on November 4, 1943, and again on November 19, 1943, appointments of temporary firemen were made from this list. These dates were: (a) after petitioner had become twenty-one years old on November 4, 1943, and thus eligible for appoint-

ment as fireman had he not been in military service; and (b) more than three years before the promotion examination for lieutenant in November, 1946.

If these appointments are treated as appointments of " any eligible, who was the lower on such original eligible list " within subdivision 7 of section 246 of the Military Law, the petitioner must then " be deemed to have been appointed " for the purposes of computing the time of service and seniority credit.

The men appointed in November, 1943, were not literally lower on the same eligible list on which petitioner's name stood, but they were plainly the statutory substitutes for those eligibles within the scheme of the act of 1943. Their appointment became possible only if the regular list provided no candidates for appointment.

Petitioner would then have been appointed if he had not been prevented from appointment by his military service. The man next lower to him on the list would have been appointed had there been one available; and since none was available the statute found a substitute.

From the pervading purpose of the Legislature to protect the person in military service from adverse effects of his absence, it is hard to avoid construing these sections together to mean that the person in service be " deemed " to have been appointed when a person whose name appeared on a statutory addendum to the list, as well as one whose name was physically " the lower " on the list, was appointed temporarily. We think such a reading should be given to the statutes.

We agree with the respondents that the retroactive seniority date should not have been extended earlier than the first date at which petitioner would have been old enough to have become eligible and that it ought not to have been fixed, as it first was, at September 16, 1942, before he was twenty-one years old. On the other hand it ought not to have been fixed as late as February 1, 1944, as it was in the corrective order, based on the theory that this was the date on which the next eligible physically on the list lower than petitioner was appointed. The corrected credit appointment retroactively disqualified petitioner from participating in the promotion examination of 1946 which he passed and which resulted in his appointment to, and his service in, the position of lieutenant. We think rather he must be " deemed to have been appointed " on November 4, 1943.

The order dismissing the petition should be reversed and the application of petitioner granted consistently with this opinion.

BREITEL, J. (dissenting). I dissent on the ground that the statute does not authorize credit for seniority except from the date when someone lower on the eligible list has been appointed. The fact that temporary substitutes, who have no tenure or security of position were appointed, is immaterial. This is true although no such temporary appointment could be made unless there were no persons available for appointment from the eligible list. Were this a matter of legislative intention imperfectly expressed, I would agree with the majority. However, this appears to me to be a situation where the Legislature went so far, and it is not for us to say that it should have gone further.

DORE, J. P., COHN and CALLAHAN, JJ., concur with BERGAN, J.; BREITEL, J., dissents in opinion.

Order reversed, with $20 costs and disbursements to appellant and the motion granted consistently with the opinion herein.