In the Matter of ADAM McQUILLAN et al., Appellants, against JOSEPH G. SCHECHTER et al., Constituting the MUNICIPAL CIVIL SERVICE COMMISSION OF THE CITY OF NEW YORK, Respondents, and JAMES TUBMAN et al., Interveners-Respondents.

First Department, December 7, 1954.

*Paul Windels* of counsel (*John K. Clark, Jr.,* with him on the brief; *Wickes, Riddell, Bloomer, Jacobi & McGuire,* attorneys), for appellants.

*Anthony Curreri* of counsel (*Seymour B. Quel* with him on the brief; *Adrian P. Burke, Corporation Counsel,* attorney), for respondents.

*Leo Brown* for interveners-respondents.

CALLAHAN, J. This appeal involves the seniority rights of interveners-respondents, who are civil service employees in the department of correction of the city of New York. The seniority rights afforded them affect their relative standing on a promotion list for '' Captain '' of correction officers in that department.

The promotion list was promulgated on June 17, 1953. Petitioners, McQuillan, Jones and Lance, respectively, placed 4th, 5th and 16th on said list. Respondents, Tubman, La Courte and Judge placed 34th, 35th and 40th, respectively. Nevertheless, on February 16, 1954, the civil service commission granted retroactive seniority credits which would advance respondents ahead of petitioners. These retroactive credits were based upon respondents' alleged rights as disabled veterans.

We think that the grant of seniority credits was based on a misconstruction of the provisions of the Constitution and the Military Law relating to veterans' preferences and of our recent decision in *Matter of Farrell* v. *Watson* (279 App. Div. 376, affd. 304 N. Y. 630).

In 1943, respondents took a civil service examination for '' officer '' in the department of correction, which resulted in an eligible list promulgated on September 14, 1943. They placed in relative standing as follows: Tubman — 494th; Judge — 702d; and La Courte — 724th. Shortly thereafter, during the early months of 1944, respondents entered military service. While they were in service, appointments were made from the list of September 14, 1943. Some of the appointees were non-veterans, but all of them were much higher on the list than respondents. Thereafter respondents were discharged from military service as follows: Judge late in 1944; La Courte in 1945; and Tubman early in 1946. Each respondent was duly certified as a disabled veteran, and during 1946 they were each appointed as such veterans to the position of '' officer '' from the list of 1943. In 1947, a promotion examination was held for the higher position of Captain. Respondents were declared

ineligible because they had less than three years' service as required by the conditions for examination. From time to time they protested that they should have received seniority rating from the date in 1944, after their entry into the military service, when the first nonveteran was appointed from the " officers " list. Those nonveteran appointments had been made in April and May, 1944, shortly after these respondents had entered military service.

At the time of appointment of respondents, subdivision 7 of section 246 of the Military Law (now § 243, subd. 7), read as follows: " Any person, whose name is on any eligible list shall, while in military duty, retain his rights and status on such list. * * * Any such person appointed from such eligible list * * * shall, for the purpose of computing seniority credit and training and experience credit for promotion * * * be deemed to have been appointed on the earliest date upon which any eligible, who was the *lower* on such original eligible list, was appointed." (Italics supplied.) (L. 1946, ch. 589.)

It has been noted that the nonveterans appointed in early 1944, all stood much higher on the list than these respondents. Nevertheless, by the action taken in this case the seniority credits of respondents have been dated retroactively to the dates in 1944 when the higher placed nonveterans were appointed. This appears to have been accomplished as follows: The civil service commission decided that they had erred in not permitting respondents to take the promotion examination in 1947. After the 1947 list had expired, the 1953 promotion examination was held, which resulted in the promotion list of June 17, 1953 aforesaid. The commission determined that as respondents had passed this 1953 examination, they should be considered to have passed a special examination as of 1947 with the marks obtained in 1953. It appears that the commission intends to treat respondents as being on a special 1947 promotion list (with the 1953 marks) and to be entitled to appointment ahead of all eligibles on the 1953 list, even ahead of candidates with higher marks and those having disabled veteran status on the 1953 list.

All of this was done because the commission construed our decision in *Matter of Farrell* v. *Watson* (*supra*) to require such action. We consider the steps taken to be contrary to the provisions of the law, and that our prior decision has been misconstrued. The petitioners in the *Farrell* case held positions in the civil service, when they went to war. They were conductors in the city transportation system. While they were in military

service, promotion examinations were held for the position of towerman, which petitioners would have been eligible to take if they had been here. They were permitted to take special promotion examinations for towerman, when they returned in 1945. They passed this examination, and were appointed towermen. Then in 1950, they took and passed further special promotion examinations for dispatcher. Their marks for dispatcher were lower than the grades of those who had been appointed to that position from a regular promotion list promulgated while petitioners were absent, but which list had expired. The court held that having proved their qualifications for dispatcher, and being on a legally created and existing eligible list for this position, they were entitled to appointment under subdivision 5 of section 246 (now § 243) of the Military Law, though they had not obtained marks as high as those reached on the earlier regular list. This was on the theory that their veteran status was to be taken into account in considering whether they would have been '' reached for certification '' within the meaning of that term in the Military Law.

Here the respondents were not in the civil service, when they went to war. They missed nothing by way of appointment or promotion, while they were absent, for they would not have been reached on the '' officer's '' list if they had remained civilians. Upon their return from war they were appointed as '' officers '' by reason of their veterans' status. The primary question presented in this case is not respondents' right to appointment as Captain depending on whether they would be '' reached for certification '' within subdivision 5, but their right to retroactive service credits under subdivision 7 of section 243 (formerly § 246) of the Military Law. Whether they would be entitled to such credits depends on the date of certain other appointments from an eligible list.

The language of the Military Law is explicit. It says that eligibles do not get retroactive credit, except to a date upon which an eligible who was *lower* on such eligible list *was appointed* (emphasis supplied). There were no such appointments in this instance. Instead, the fiction has been used of assuming that these respondents were back as veterans at a date when they were still at war, that is, when certain non-veterans higher on the list were appointed. Their rights were then improperly measured as if their being reached for certification at that time was the test. The facts assumed would have no effect on their rights where the operative event was the actual appointment of someone lower on a list.

In *Matter of Cotter* v. *Watson* (282 App. Div. 292, affd. 306 N. Y. 681) we merely held that resort to a provisional list for the selection of appointees was the equivalent of appointment of an eligible lower on the original eligible list than the returning veteran.

We have no information in the present record as to when, if at all, any person on the original eligible list of 1943 lower than these respondents in standing was appointed. Therefore, we do not attempt to decide whether the respondents were entitled to any retroactive seniority rating. We hold merely that the retroactive seniority rating heretofore given these respondents dating back to the early months of 1944 was improper. The civil service commission may grant proper seniority rating in accordance with the facts disclosed in their records not inconsistent with the law as here construed. They may also, of course, observe the rights as to veterans' preferences which they deem proper under controlling law in making appointments from the 1953 list. We pass on no other question except the propriety of the retroactive seniority credits afforded to the interveners-respondents.

The order appealed from should be reversed, with costs to the appellants. Settle order.

BOTEIN, J. (dissenting). In *Matter of Farrell* v. *Watson* (279 App. Div. 376, affd. 304 N. Y. 630) the question was posed squarely as to whether the petitioning veterans in that proceeding should have been treated as though they were on the original eligible list with a retroactive veterans' preference, and therefore entitled to certification and appointment ahead of nonveterans who enjoyed higher ratings on said original list. This question was answered in the affirmative. Justice VAN VOORHIS, in his dissenting opinion in this court, argued that it was the legislative intent that a veteran " be placed in as good a situation as though he had not entered the military service, *but not in a better situation* " (p. 383) (emphasis supplied). The Court of Appeals, in affirming the majority holding of this court, must be presumed to have rejected this argument. It perforce held that the constitutional and statutory provisions for preference to veterans comprehend something more than a mere preservation of their civil service status while away in service. If we apply the ruling enunciated in the *Farrell* case, petitioners in the instant case would be " deemed to have been appointed " (Military Law, § 246, subd. 7, now § 243, subd. 7) as correction officers in 1944 (while they were in military service), and would therefore have had the requisite service and

experience to take the promotion examination in 1947. It would appear that seniority credit for promotion purposes was to be retroactive for any person who had been in military service when appointments were made from an original eligible list of nonveterans higher on the list in order of rating on the basis of examination. I accordingly vote to affirm on the authority of *Matter of Farrell* v. *Watson* (*supra*).

DORE, J. P., and BERGAN, J., concur with CALLAHAN, J.; BOTEIN, J., dissents and votes to affirm in opinion, in which BASTOW, J., concurs.

Order reversed, with costs to the appellants. Settle order on notice.