In the Matter of ADAM McQUILLAN et al., Respondents, against JOSEPH G. SCHECHTER et al., Constituting the Municipal Civil Service Commission of the City of New York, Appellants, and JAMES TUBMAN et al., Intervenors-Appellants.

Argued April 18, 1955; decided June 10, 1955.

16

*Peter Campbell Brown, Corporation Counsel (Anthony Curreri* and *Seymour B. Quel* of counsel), for appellants. As returning disabled veterans, intervenors were entitled to an absolute constitutional preference over all veterans and non-veterans on the original officer eligible list. The form this preference took was properly the grant of retroactive seniority credit dating back to the date when a nonveteran was appointed from that list after the intervenors were inducted into military service. The commission's determination to correct its original error was not only proper, but required. (*Matter of Farrell* v. *Watson,* 279 App. Div. 376, 304 N. Y. 630; *Matter of Cotter* v. *Watson,* 282 App. Div. 292, 306 N. Y. 681.)

*Leo Brown* for intervenors-appellants. Inasmuch as nonveterans had been appointed as correction officers from the original eligible list while intervenors-appellants were in military service, intervenors-appellants, as disabled veterans, are entitled to retroactive seniority credit for promotion from the date when the first nonveterans were appointed after their induction. The determination of the municipal civil service commission granting them such seniority credit was, therefore, entirely proper. (*Matter of Cotter* v. *Watson,* 282 App. Div. 292, 306 N. Y. 681; *Matter of Farrell* v. *Watson,* 279 App. Div. 376, 304 N. Y. 630; *Matter of Carey* v. *Morton,* 297 N. Y. 361; *Matter of Bateman* v. *Marsh,* 188 Misc. 189, 271 App. Div. 813, 296 N. Y. 849; *People ex rel. Weintz* v. *Burch,* 79 App. Div. 156; *People ex rel. Qua* v. *Gaffney,* 142 App. Div. 122.)

*Paul Windels* and *John K. Clark, Jr.,* for respondents. I. Under the Military Law (§ 246 [now § 243], subd. 7), inter-

venors were not entitled to retroactive seniority credit as " officers ". II. *Matter of Farrell* v. *Watson* (279 App. Div. 376, '04 N. Y. 630) did not change the statutory rule. (*Matter of Knapp* v. *Duffey,* 169 App. Div. 794; *People ex rel. Robesch* v. *President of Borough of Queens,* 190 N. Y. 497; *Matter of Carey* v. *Morton,* 297 N. Y. 361; *Matter of Goldberg* v. *Morton,* 299 N. Y. 559; *Matter of Cotter* v. *Watson,* 282 App. Div. 292, 306 N. Y. 681.) III. Intervenors, because of lack of three years' seniority or experience, were not eligible for the 1947 promotion examination. IV. Intervenors were granted their constitutional rights to priority in appointment as " officers ". Under any circumstances, that question does not affect this issue.

DESMOND, J. Respondents-appellants, being the New York City municipal civil service commission, and intervenors-respondents-appellants Tubman, Judge and La Courte, appeal from a reversal, on the law, by the Appellate Division, First Department, of an order made at Special Term dismissing the proceeding. The Appellate Division's order grants the application of petitioners-respondents and, accordingly, directs the municipal civil service commission to cancel a determination made by that commission in February, 1954, which commission determination, thus cancelled, had granted retroactive seniority credit to appellants Tubman, Judge and La Courte on a June, 1953, civil service promotional eligible list for the position of captain in the New York City department of correction. The Appellate Division order further directed the commission to reinstate an earlier determination by the commission which had granted seniority credit to Tubman, Judge and La Courte, as of the date of their actual first employment only, in the city correction department. All three of these intervenors, as well as the three petitioners, were successful in 1943, before any of them went into military service and before any of them were in public employment, in passing an open competitive examination for the position of correction officer in the New York City department of correction, a position of lower rank in that department than the position of captain for which they are contending here. All of the petitioners-respondents (McQuillan, Jones and Lance) passed higher on that list than did any of the intervenors (Tubman, Judge and La Courte). Before any

of the intervenors could be reached for appointment as correction officers from the list, all three intervenors went into military service and, eventually, all three intervenors were honorably discharged on various dates in 1944, 1945 and 1946. After their discharges, each of the intervenors was duly certified as a disabled veteran. In October, 1946, all three intervenors were appointed from the list as officers. Those appointments were made when, and only when, the respective names of intervenors were reached in regular numerical order on the list. Previously, and while intervenors had been in military service, a number of nonveterans and one nondisabled veteran had been appointed from the list in regular numerical order. In January, 1947, after each of the intervenors had held the position of officer for about three months, the municipal commission advertised a promotional examination for captain in the same department to be held in June, 1947, the eligibility requirements including at least three years of service as officers, which requirement, of course, none of the intervenors could actually meet. When these intervenors filed applications to take the promotion examination they were declared by the commission to be ineligible therefor, since they had not served the required three years as officers. However, intervenors had previously claimed, and continued and still continue to claim, that they were, in fact, eligible to take that promotion examination under the provisions of the then section 246, now section 243, of the Military Law which, in subdivision 7, says, in effect, among other things, that any person whose name is on any eligible list shall, while on military duty, retain his rights and status on such list. Subdivision 7 goes further, too, and says that if any such person is reached for certification while on military duty, his name shall be placed on a special eligible list in the order of his original standing, and that, on his request, his name shall remain on such special eligible list for two years after termination of military duty, and that, when and if appointed, he shall, as to seniority credit, " be deemed to have been appointed on the earliest date upon which any eligible, who was the lower on such original eligible list, was appointed " (note the word " lower ", the meaning of which, on these particular facts, is really our problem here). Intervenors say (and Special Term and the dissenters in the Appellate Division agreed) that since, as disabled veterans, they were

entitled retroactively to an absolute preference at the head of the original officer's list, they therefore should have been treated in all respects as if they were at the top of that earlier eligible list, including treatment as if they had been appointed from that list at the time of the first appointment of any non-veteran therefrom.

After, as aforesaid, the municipal commission had refused to permit intervenors to take the 1947 promotional examination for captain on the ground that they did not have three years' experience and were not entitled to credit for such, that promotional examination was held without the participation of these intervenors. However, five years later, in June, 1952, this court handed down *Matter of Farrell* v. *Watson* (304 N. Y. 630, affg. 279 App. Div. 376) to which reference will be made hereafter. Thereupon, the commission, considering that the *Farrell* decision constrained it so to do, reconsidered and amended its previous determination and granted to intervenors Tubman, Judge and La Courte retroactive seniority back to certain dates in April and May, 1944, on which dates the first nonveterans had been appointed as correction officers from the aforesaid eligible list after intervenors had gone into service.

After the commission had thus amended its earlier determination and had given intervenors the retroactive seniority they demanded, the commission, since it had prevented intervenors from taking the promotional examination in 1947, considered that it was its duty under section 243 of the Military Law (*supra*) to set up a special examination for these intervenors, and others in similar position, and the commission did so. Actually, the commission did not set up a separate special military examination for these intervenors but it directed that the 1953 promotion examination, which these intervenors had taken and passed, be treated and considered as a special military examination as of 1947, on the ground that the commission should have permitted intervenors to take the 1947 promotion examination. The list from the 1947 promotional examination, which intervenors had not been permitted to take, had meanwhile expired before 1953, and so, to enforce fully what the commission considered to be the rights of these intervenors, the commission ordered, in effect, that these intervenors be treated as being on a special 1947 promotion list with the marks they

obtained in the actual 1953 promotion examination. The result of this is that intervenors, being theoretically at the top of an earlier list, are ahead of everybody on the 1953 promotional examination list.

The present proceeding was then begun by these three petitioners, two of whom are honorably discharged veterans and the third of whom is an honorably discharged disabled veteran. They took the 1953 promotional examination for captain and all of them passed high on it. They object to the presence on the list of any of the intervenors since, they say, the commission erred in granting intervenors such retroactive seniority as to entitle them to be put ahead of petitioners on the list. As of the time this proceeding was brought in June, 1954, none of the petitioners and none of the intervenors had been promoted.

*Matter of Farrell* v. *Watson* (*supra*) is not directly in point here, but it did hold this: that when men already in the municipal service went to war and a promotional examination was held, for which they would have been eligible if present, and when they, on their return, took and passed a comparable examination, and when there was held, after their return, another promotional examination to which they would have been eligible had they been in service and promoted, they were entitled, after getting the first promotion as the result of a special military examination, to a second special promotional examination. Another case to which attention should be called is *Matter of Cotter* v. *Watson* (306 N. Y. 681). In the *Cotter* case, we gave fullest force to the statutory requirement (*supra*) that if an eligible is away in service at a time when he would be reached on a list, he is to be treated, for seniority purposes, as if then appointed. We went so far in the *Cotter* case as to say that when, because of war conditions and pursuant to statute, temporary appointments of city firemen were made, but not from any competitive list, those latter were to be treated as if they had been appointments, from a competitive list, of persons lower than petitioner on that list, and that such appointments of temporary firemen (in the *Cotter* case) fixed the date for all purposes of Cotter's retroactive seniority. Both the *Farrell* and *Cotter* cases (*supra*) have to do with the rights after return from military service of persons who were in civil service before going to war, but we do not think that difference is controlling. The statutes

are intended to give fullest protection, not only to those who are in civil service when inducted but to those also who are merely on competitive lists when taken into military service.

The choice here is between a broad and a narrow construction of the preference statutes, particularly subdivision 7 (*supra*). As of 1946 and 1947, section 6 of article V of the Constitution (which section was repealed or extensively amended effective 1950) provided, among other things, that a disabled veteran, as to civil service lists, "shall" be entitled to preference and "shall be appointed or promoted before any other appointments or promotions are made, without regard to his or her standing on any list from which such appointment or promotion may be made." These intervenors, all disabled veterans, were in military service from early in 1944 until various dates in 1944, 1945 and 1946, but none of them were appointed to the lower position of officer until 1946, although nonveterans had previously been appointed from the list. If intervenors had returned from military service early enough to have been present, and so had been appointed instead of and at the time the nonveterans were appointed, then, in 1947, when the first promotional examination was held, these intervenors would have had three years' seniority, would have taken that examination, and, as disabled veterans, would have gone to the top of the list. We, accordingly, agree with the dissenting Justices at the Appellate Division that the carrying out of the retroactive seniority provisions of the statute, plus the letter and spirit of the Constitution, plus the approach demonstrated in the *Farrell* and *Cotter* cases (*supra*), point to a reversal here. It seems to us that the commission has worked out, and applied, a proper formula for giving these intervenors their full legal rights. The argument against this, as found in the majority opinion at the Appellate Division and in the brief of petitioners here, seems, in part, to be based on an idea that subdivision 7 of section 243 of the Military Law (*supra*) confers no real benefits on persons who go into service while on an eligible list but before actually having been in public service. There is no basis in the statute for any such distinction. The other argument for affirmance here goes something like this: that the statute (*supra*), as to seniority credit for veterans, requires only that they shall, on appointment, get seniority dated back to the date

on which any person, actually lower by marking than they, on the list, was appointed. The argument is that the persons who were appointed as officers from the eligible list while intervenors were away in service were not "lower" on the list since their marks were better. The answer is that we must read that statute with the constitutional provision which puts disabled veterans to the top of any list. Thus, since, when intervenors returned from service and were certified as disabled, they vaulted to the very top of the officer list, their rights could be protected only by considering that those persons with higher marks on the list than intervenors who had been appointed when intervenors were away were actually " lower " than the positions on the list to which intervenors were entitled as disabled veterans.

The order appealed from should be reversed and the petition dismissed, with costs in this court and in the Appellate Division.

The order of the Appellate Division should be reversed and that of Special Term reinstated, with costs in this court and in the Appellate Division.

CONWAY, Ch. J., DYE and FROESSEL, JJ., concur with DESMOND, J.; FULD and VAN VOORHIS, JJ., dissent and vote to affirm upon the opinion of the Appellate Division; BURKE, J., taking no part.

Order reversed, etc.