In the Matter of CARMEN A. LOMBARDI, Appellant, against CITY OF SCHENECTADY et al., Respondents.

Third Department, December 23, 1955.

*Anthony Coppola* for appellant.

*Charles Ward Brown, Corporation Counsel,* for respondents.

FOSTER, P. J.  This is an appeal by petitioner from an order of the Supreme Court which dismissed his petition in a proceeding, under article 78 of the Civil Practice Act, for an order directing respondents to reinstate him as city assessor of the City of Schenectady, and for the payment of back salary.

On October 11, 1950, petitioner was appointed city assessor and continued to hold that office until he returned to active military duty with the United States Army on September 15, 1951. It is not disputed that this position was in the unclassified service of the civil service of the City of Schenectady. Petitioner was not appointed for a definite term and he could have been discharged at any time without cause by the city manager of Schenectady (Optional City Government Law [L. 1914, ch. 444], § 92).

The position however remained unfilled until the appointment of an acting city assessor on July 16, 1952, and on September 18, 1953, a permanent appointment was made to the position. Petitioner was honorably discharged on October 12, 1954 from the army, and the following day he made a written request for reinstatement to the position, which was refused by the respondents. He thereupon brought this proceeding.

Petitioner relies upon section 243 of the Military Law, which in substance was a re-enactment, with amendments not pertinent here, of former section 246 of the Military Law in effect prior to April 4, 1953. It is provided in this section:

" 1. * * * (a) The term ' public employee ' shall mean an officer or employee holding a position by appointment or employment in the state of New York or in the cities, counties, towns, villages or school districts thereof, or in any other political or civil division of the state or of a municipality, or in any public or special district, or in the service of any public authority, public benefit corporation, commission or board, *or in any other branch of the public service.* [emphasis supplied.] * * *

" (d) The term ' position ' shall mean the office or position held by a public employee at the time of his entrance upon military duty.

" 2. Leave of absence and re-employment. (a) Every public employee shall be entitled to absent himself from his position while engaged in the performance of military duty and shall be deemed to have a leave of absence for the duration of such military duty. Such public employee shall be reinstated to his position provided he makes application for such reinstatement within ninety days after the termination of his military duty, or at any time during his terminal leave."

There are some exceptions to the foregoing provisions. A public employee appointed for a definite term shall be deemed to have a leave of absence until the end of his term of office and until his successor has been appointed, but not thereafter. A public employee holding a position in the exempt class of the civil service shall be deemed to have a leave of absence until his position has been filled by other than a substitute appointee, but not thereafter (§ 243, subd. 14). An elective officer shall be deemed to continue in his office until his successor has been elected (subd. 15). Petitioner was not appointed for a definite term; he was not in the exempt class of the civil service and he was not an elective officer.

Respondents argue that the sections of the Military Law as quoted were never intended to apply to those who hold positions in the unclassified civil service, with the exceptions noted, and should only be applied to those in the classified service who were protected by the Civil Service Law from summary dismissal. We are inclined to this viewpoint although we must say the matter is by no means clear, and the sweeping language of section 243 of the Military Law is not easy to explain away. Generally speaking the so-called Veterans' Acts do not apply to the heads

of departments but only to subordinates. (*People ex rel. Jacobus v. Van Wyck,* 157 N. Y. 495; *Matter of Christey v. Cochrane,* 211 N. Y. 333; *People ex rel. Ryan v. Wells,* 176 N. Y. 462; *People ex rel. Baird v. Nixon,* 158 N. Y. 221; *People ex rel. Garvey v. Prendergast,* 148 App. Div. 129.) The decisive principle upon which the cases cited were decided is that the so-called Veterans' Acts were only intended to preserve to persons entering the military service their existing rights under the Civil Service Law (*Kelly v. Quayle,* 70 N. Y. S. 2d 52; *Matter of Adams v. McKenzie,* 177 Misc. 486; 1943, Atty. Gen. 145, March 16, 1943).

The principle exemplified is related by clear and persuasive analogy to the instant case. It seems to us that the Legislature, viewing the matter from a practical standpoint, could have had no other purpose in mind. To construe section 243 of the Military Law otherwise, and in the manner contended for by the appellant, would in effect place him in a category where he had tenure of office, given only to those who were in the classified service. Thus he would have had preserved rights which he did not possess under his original appointment. It is incredible that the Legislature ever intended such an anomalous result. Under this theory the appellant could be reinstated in one moment and discharged summarily the next moment. This construction of the statute would result in a farcical and ludicrous result.

The Special Term found the exceptions, heretofore noted, as expressly providing when the statute is to apply to those in the unclassified service. This construction appears to us as the only logical explanation of the dilemma.

The order should be affirmed, without costs.

BERGAN, COON, HALPERN and ZELLER, JJ., concur.

Order affirmed, without costs.