Arnold Guy Fraiman, J.
This is an application pursuant to CPLR article 78 to annul the suspension of petitioner as a probationary police officer by respondents the New York City Civil Service Commission and the Police Commissioner of the City of New York and to reinstate him to such position. Respondents cross-move to dismiss the petition.
Petitioner, along with all other probationary police officers, as well as a substantial number of permanent police officers, was suspended on June 30, 1975 because of New York City’s fiscal crisis. Petitioner had taken the competitive examination for patrolman in October, 1969 and was thereafter placed on an eligible list. On February 8, 1971 he entered the United States Army where he saw active service in Vietnam. He was discharged from the service on November 9, 1973. In July, 1973, petitioner’s name had been reached for certification by respondents for appointment to the department, but he was not then appointed because he was still on active duty in the Army. Subsequent to his discharge, he made timely application to have his name placed on a special eligible list established pursuant to subdivision 7 of section 243 of the Military Law, and this was done. Thereafter he was certified for appointment from the special list and on September 27, 1974 he was appointed a probationary police officer. At the time of his appointment, he was advised that inasmuch as he would have been reached for appointment on the eligible list on July 30, 1973, but for his military service, the latter date should be used in determining his seniority. As a nondisabled veteran, he contends that he was also entitled to an additional 30 months’ seniority, pursuant to subdivision 7 of section 85 of the Civil Service Law. This would date his seniority from *1054 January 31, 1971. Petitioner claims that the January, 1971 date was the date which should have been considered in determining whether he. would be reinstated by the department, but that this was not done, inasmuch as police officers with a later seniority date were retained and he was suspended. He argues that the failure to use the January, 1971 date was contrary to the provisions of subdivision 7 of section 243 of the Military Law and subdivision 7 of section 85 of the Civil Service Law and his suspension should therefore be set aside.
As noted above, section 243 of the Military Law provides, in effect, that if petitioner passes a Civil Service examination for police officer prior to his entry into military service and thereafter has his name placed on an eligible list where it is reached for certification while he is still on active duty, he is entitled, after his discharge, to have his name placed on a special eligible list. All persons on the special list are to be certified for employment before anyone can be appointed from a subsequent list. The statute then provides as follows: "Any persons thus appointed shall, for the purpose of computing * * * seniority in the event of suspension or demotion, be deemed to have been appointed on the earliest date upon which any eligible, who was the lower on such original eligible list, was appointed.”
In petitioner’s case it is undisputed that this was on July 30, 1973. Thus, pursuant to the clear and unambiguous language of subdivision 7 of section 243 that date was the date to be utilized for the purpose of computing seniority in the event of petitioner’s suspension.
Despite the language of subdivision 7 of section 243 respondents contend that petitioner was properly suspended because they were required by section 80 of the Civil Service Law to suspend all probationary patrolmen before any permanent incumbents were let go, and petitioner was still on probation at the time of his suspension. They point out that not only were all probationary patrolmen suspended because of the fiscal crisis, but that a number of permanent patrolmen also, were terminated.
Subdivision 1 of section 80 provides that "Where, because of economy * * * positions in the competitive class are abolished or reduced in rank or salary grade, suspension or demotion, as the case may be, among incumbents holding the same or similar positions shall be made in the inverse order of original *1055 appointment on a permanent basis in the classified service * * * subject to the provisions of subdivision seven of section eighty-five of this chapter * * *. Notwithstanding the provisions of this subdivision, however, upon the abolition or reduction of positions in the competitive class, incumbents holding the same or similar positions who have not completed their probationary service shall be suspended or demoted, as the case may be, before any permanent incumbents”. The mandate of section 80 that all probationary police officers are to be suspended before the suspension of any permanent patrolmen is directly in conflict with subdivision 7 of section 243 of the Military Law. As noted, that section states unequivocally that for the purpose of computing seniority in the event of suspension a particular date which takes into account the individual’s military service is to be used. It makes no exception for a case in which the individual is on probation.
When presented with a similar conflict between the provisions of subdivision 7 of section 243 and the Administrative Code of the City of New York, the court looked to the provisions of the Military Law in determining petitioner’s seniority date for the purposes of promotion. (Matter of Cotter v Watson, 282 App Div 292, affd 306 NY 681.) Similarly, in the instant case, the court concludes that subdivision 7 of section 243, which was enacted subsequent to the enactment of section 80, is controlling, under familiar principles of statutory construction that the more recent of two inconsistent statutes impliedly repealed the earlier one insofar as they are inconsistent. (Agate v Mundt, 25 NY2d 309.) Further, by applying subdivision 7 of section 243, petitioner is being given no preference as a veteran, but is merely preserving for him the existing rights he had if he had not served in the Armed Services. This was the purpose of its enactment. (Matter of Lombardi v City of Schenectedy, 1 AD2d 24; Kelly v Quayle, 70 NYS2d 52.) Nor is the salutary purpose of the law requiring petitioner to serve a year on probation before he can obtain a permanent appointment being overlooked. If petitioner’s seniority date, as determined by subdivision 7 of section 243, is such that he should not have been suspended and he is reinstated to duty, he will be required to satisfactorily complete his one-year probationary period before becoming eligible for permanent appointment. Subdivision 9 of section 243 of the Military Law, which provides that where an individual who is already on probation goes into the Armed Services, his *1056 time spent in the military will be credited as satisfactory service during such probationary period, is not here applicable inasmuch as petitioner went into the service before he commenced his probationary period.
With respect to petitioner’s contention that his seniority should be advanced by an additional 30 months before July 30, 1973 by virtue of the veteran’s preference afforded him by subdivision 7 of section 85 of the Civil Service Law, the court finds that this is without merit. Subdivision 7 of section 85 provides that the date of original appointment for a nondisabled veteran shall be deemed to be 30 months earlier than the actual date. However, section 80 of the Civil Service Law specifically states that where there are suspensions for economic reasons, notwithstanding the provisions of subdivision 7 of section 85, all probationary officers are to be suspended before any permanent policemen are terminated. Since section 80 specifically excepts subdivision 7 of section 85 from its provisions, the two statutes must be read together and petitioner, being still on probation, cannot avail himself of his 30-month veteran’s credit to forestall his suspension.
For all of the foregoing reasons the court finds that in connection with respondents’ suspension of certain police officers, including petitioner, because of the fiscal crisis, the date of July 30, 1973 is to be used for determining petitioner’s seniority and his probationary status is not to be considered. If this results in affording petitioner sufficient seniority so that he would not have been suspended on June 30, 1975 he is to be reinstated to his status as a probationary police officer within five days after receipt by respondents of a copy of this order with notice of entry, with all pay and allowances to be resumed as of that date. If the July 30, 1973 date constitutes insufficient seniority to warrant his reinstatement at this time, such date is to be used for the purpose of determining his reinstatement in the future.
To the foregoing extent, the petition is granted and the cross motion to dismiss is denied. Although the court is cognizant that it has not afforded respondents an opportunity to answer the petition, no purpose would be served thereby inasmuch as the papers submitted by the parties indicate that there are no material issues of fact.