■ In the Matter of ALEXANDER A. DEFRANCIS, Appellant-Respondent, v ALPHONSE E. D'AMBROSE, as Personnel Director of the City of New York and Chairmen of the New York City Civil Service Commission, et al., Respondents-Appellants.—Judgment, Supreme Court, New York County, entered November 10, 1976, in this article 78 proceeding: to the extent that it refused to grant those aspects of the petition which (1) sought a declaration that respondents acted arbitrarily and unlawfully in suspending petitioner by disregarding that a date of original appointment of January 30, 1971 should have been utilized to establish his entitlement to retention upon the abolition of positions in the title of Police Officer, and (2) sought annulment of this action of the respondents and a direction that they should redetermine the list of incumbents used for suspension purposes so as to place petitioner in a position on said list on the basis of an original date of appointment of January 30, 1971, and, on the basis of that redetermination, directing that he be reinstated as a police officer, *nunc pro tunc,* to June 30, 1975; and to the extent that said judgment denied respondents' cross motion to dismiss the petition and directed them to redetermine the list of incumbents in the inverse order of their appointment to place petitioner in his position on said list on the basis of a date of appointment of July 30, 1973, without regard to the fact that he was a probationary police officer on June 30, 1975; modified, on the law, without costs and without disbursements, to grant the crossmotion to dismiss the petition, and otherwise affirmed. After a competitive examination in October, 1969, petitioner was certified eligible for appointment as a police officer in the New York City Police Department. In February, 1971, he entered the army, was discharged in November, 1973, and was placed on a special eligible list pursuant to subdivision 7 of section 243 of the Military Law that required his seniority date "in the event of suspension or demotion" to be July 30, 1973, the date he would have been appointed had he not been in the military service. He was appointed to duty on September 27, 1974, but before one year—the prescribed probationary period (see Civil Service Law, § 63)—he was notified that, due to the city's fiscal crisis, his employment would be terminated on June 30, 1975. All probationers and a substantial number of permanent policemen were laid off at the same time. Petitioner contends in this proceeding that subdivision 7 of section 243 of the Military Law required the respondents to consider his status as if he had in fact been appointed on June 30, 1973, and, with the addition of 30 months of veteran's credits granted by subdivision 7 of section 85 of the Civil Service Law, to make his date of original appointment January 30, 1971; that, in so computing his seniority to withstand a layoff, it was not relevant that he had not completed his probationary term. The respondents contend that the date of his appointment is irrelevant since petitioner was a probationer and subdivision 1 of section 80 of the Civil Service Law requires all probationers to be laid off before permanent employees. We agree with Special Term that subdivision 7 of section 85 and subdivision 1 of section 80 of the Civil Service Law must be read together, and that respondents complied with the former section by allowing petitioner 30 months of veteran's credit to enhance his position among all the

probationers, but that the latter section would prohibit using this credit to avoid a layoff suffered by all probationers and some permanent officers. Special Term found subdivision 7 of section 243 of the Military Law and subdivision 1 of section 80 of the Civil Service Law in conflict but it erred in giving preference to the Military Law as a later enactment. The pertinent language of subdivision 7 of section 243 was enacted in chapter 420 of the Laws of 1953 and that of subdivision 1 of section 80 in chapter 790 of the Laws of 1958. The Civil Service Law should then have prevailed as a repealer (McKinney's Cons Laws of NY, Book 1, Statutes, § 391). Moreover, we find no conflict in the sections; they can be harmonized without impairing the language of either *(Matter of Anderson v Board of Educ.,* 46 AD2d 360; McKinney's Cons Laws of NY, Book 1, Statutes, §§ 96, 98). Nothing in subdivision 7 of section 243 of the Military Law, preserving the rights of potential employees on eligible lists while they are in military service, eliminates the first-layoff employment condition of probationary service set forth in subdivision 1 of section 80 of the Civil Service Law. Read together, the Military Law provision serves to adjust a position on the list of probationers. It does not annul the preference given permanent employees in the Civil Service Law. The Legislature, too, has apparently found no conflict in the sections. In chapter 312 of the Laws of 1976, it enacted a subdivision 1-a to section 80 of the Civil Service Law that provided a similar first layoff for probationary employees of the Buffalo Police and Fire Departments. Had it deemed subdivision 7 of section 243 of the Military Law in conflict, we assume that it would have provided a resolution of it. Petitioner's argument, based on subdivisions 6 and 9 of section 243 of the Military Law, that he be deemed to have completed his probationary service as of June 30, 1975, is not persuasive because those sections deal only with persons appointed prior to or while in military service. Nor has petitioner been denied equal protection of the laws. There is a rational purpose for required probationary periods, "to secure efficient service [and] they also serve to furnish the appointee with an opportunity to show his or her fitness and to provide a more acceptable and less embarrassing means of terminating the employment of an unsatisfactory appointee" *(Matter of Albano v Kirby,* 36 NY2d 526, 531). Subdivision 1 of section 80 of the Civil Service Law rationally assures that in a fiscal crisis public safety will be maintained by the more experienced officers. Concur—Silverman, Markewich and Lynch, JJ.; Kupferman, J. P., dissents in part in the following memorandum: I would affirm. Conceding that the public entity has the right to abolish positions in the interest of economy (see *Matter of Saur v Director, Creedmoor Psychiatric Center,* 41 NY2d 1023; *Matter of Rubin v Levine,* 41 NY2d 1024), the issue is whether in computing the petitioner's seniority in order to withstand a layoff, it is relevant that he has not completed his probationary term. In a case for computing seniority, we have recently held that it must be assumed that the Police Commissioner would act reasonably with respect to the question of whether a probationer would be terminated before the completion of the probationary period *(Matter of Franchina v Codd,* 57 AD2d 394.). Under the circumstances, this petitioner is entitled to be treated as if his probationary period was completed as of June 30, 1975. [87 Misc 2d 1052.]