OPINION OF THE COURT
Michael D. Stallman, J.
*850 Petitioner seeks judicial review, pursuant to CPLR article 78, of respondent’s determination not to place petitioner on a “special eligible list” pursuant to Military Law § 243 (7) and (7-b). Petitioner alleges that respondent’s actions were arbitrary and capricious, in bad faith, and contrary to law.
Background
On or about December 14, 2002, petitioner took an open-competitive civil service exam, exam No. 2043, to become a firefighter with the New York City Fire Department. Petitioner passed the exam, and was placed on the exam’s eligibility list, which was established on May 5, 2004. Petitioner was ranked 4,694 on the list. This list remained active for potential civil service certification for placement until May 5, 2008.
The notice of examination stated that candidates were required to satisfy certain education and experience requirements, which consist of having a high school diploma plus either 30 college credits or two years of full-time military service, with an honorable discharge, by the date of appointment.
On or about April 28, 2006, petitioner enlisted in the United States Army in its Delayed Entry/Enlistment Program (DEP), which, according to DEP procedures, makes time counted in military service start from the date of enlistment, in this case, April 28, 2006.
On or about April 16, 2007, while petitioner was serving in Iraq, the Fire Department issued him a notice that it intended to appoint him, but that he needed to submit to medical and psychological testing and have a background investigation.
Petitioner was not due to be discharged from his military service until September 2008. Petitioner’s mother contacted the Fire Department, who informed her that petitioner could complete these remaining parts of his exam after his discharge.
On or about January 18, 2008, respondent reached petitioner’s list number for potential certification. All those persons who were qualified and certified on that date were appointed to the Fire Department on January 21, 2008. According to respondent, after that date no person who took exam No. 2043 was ever appointed, and potential placement from that eligibility list expired on May 5, 2008. The next appointments came from persons who passed a subsequent examination.
Petitioner was honorably discharged from the Army effective September 5, 2008; however, because of accumulated “terminal leave” time, petitioner was actually released on July 28, 2008. *851 Within 90 days of his release on July 28, 2008, petitioner contacted the Fire Department to take his medical and psychological examinations, and went to respondent to have his examination list number reactivated.
On or about October 9, 2008, the Fire Department advised petitioner that he passed all parts of the examination, that he was “good to go,” and that he would join the next training class scheduled for January 5, 2009.
By letter dated September 23, 2008, respondent advised petitioner that, notwithstanding its decision to reactivate his examination list number, Military Law § 243, which safeguards civil service opportunities for persons serving in the military, did not apply to him because he did not complete his requisite military service until after May 5, 2008, the termination date for all persons who took exam No. 2043. It is this determination that is the subject of this judicial review.
Discussion
CPLR 7803 (3) allows for limited judicial review of administrative agency actions to determine “whether a determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion, including abuse of discretion as to the measure or mode of penalty or discipline imposed.”
It is well settled that “a court may not substitute its judgment for that of the board or body it reviews unless the decision under review is arbitrary and unreasonable and constitutes an abuse of discretion” (Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 232 [1974] [internal quotation marks and citation omitted]). The test is whether the action taken is justified or whether it lacks foundation in fact. (Id. at 231.) “Arbitrary action is without sound basis in reason and is generally taken without regard to the facts.” (Id.)
This proceeding requires interpretation of two provisions of the Military Law which have received scant judicial attention.
Military Law § 243 (7), originally enacted in 1953, provides that
“[a]ny person whose name is on any eligible list shall, while in military duty, retain his rights and status on such list. If the name of any such person is reached for certification during his military duty, it shall be placed on a special eligible list in the or *852 der of his original standing, provided he makes request therefor following termination of his military duty and during the period of his eligibility on such list.”
Military Law § 243 (7-b) provides that
“[a]ny person who has passed one or more of several parts of an examination for a position for which competitive examinations are required, and who has been prevented from taking or completing the remaining part or parts of the examination for such position by reason of his service in military duty shall be afforded an opportunity to take a comparable examination as to such remaining part or parts, provided he makes request therefor during the period of ninety days following termination of his military duty.”
The purpose of Military Law § 243 is self-evident.
“Section 243 of the Military Law was manifestly intended to apply to civil service employees whose purpose was to leave their civil service employment temporarily, in response to national need or in order to comply with the draft laws, but who intended to return to their civil service careers upon release from their military duties.” (Matter of Wulff v Teachers’ Retirement Bd. of City of N.Y., 27 AD2d 929, 930 [1st Dept 1967], affd 21 NY2d 802 [1968].)
These provisions of the Military Law have also been held applicable to potential civil service employees. (See Matter of DeFrancis v D’Ambrose, 57 AD2d 804 [1st Dept 1977], affd 44 NY2d 889 [1978].)
Respondent’s position is that, in order for Military Law § 243 (7) to apply, the applicant must be completely qualified on the certification date and would be certified but for his military service. Under these circumstances, the applicant would be placed on the “special eligible list” for appointment after completing his military service. (See generally Matter of DeFrancis v D’Ambrose, supra.)
In the instant case, on the date for certification for applicants who passed exam No. 2043, January 18, 2008, petitioner was not qualified because he lacked the educational or military experience requirements at that time. According to Military Law § 243 (7), any person who seeks to be placed on the “special eligible list” must make the request following the termination of his military service, and such request must be made during the period of his eligibility on the regular eligible list.
*853 In the case at bar, petitioner’s military service was not terminated until September 2008, whereas the period for the regular eligibility list ended on May 5, 2008, four months before petitioner could have made the request under Military Law § 243 (7). Therefore, the provisions of Military Law § 243 (7) could not apply to petitioner.
Section 243 (7-b) refers only to the examination requirements for appointment. In this context, if, on the date of certification, an applicant meets all the necessary requirements except for completing part of the requisite examinations, which he could have completed but for his military obligations, he is afforded an opportunity to take those remaining exams, provided he so requests within 90 days of his discharge from military service.
There is no question that petitioner made the request to complete the medical and psychological examinations within 90 days after his discharge, but, unfortunately, the period of the regular eligibility list had already expired.
Petitioner argues that, pursuant to Military Law § 243 (7-b), the “special eligible list” is to be retained for a period of two years, and persons who appear on such list “shall be certified before certification shall be made from a subsequent eligible list.” However, as discussed above, this section of the Military Law only provides for placement on the “special eligible list” of persons who were otherwise qualified during the period for potential placement for persons on their regular eligibility list (determined by their examination date), but for their inability to take a portion of the exam because of military duty. Petitioner was not so qualified during the period of the regular eligibility list for exam No. 2043.
Although the court is sympathetic to petitioner’s desire to be placed on a “special eligible list,” the court may not ignore or change the express language of the Military Law.
Conclusion
Based on the court’s reading of the Military Law, it cannot be said that respondent’s determination was arbitrary, capricious, contrary to law, or arrived at in bad faith. (See Matter of Gomez v Hernandez, 50 AD3d 404 [1st Dept 2008].)
Based on the foregoing, it is adjudged that the petition is denied and the proceeding is dismissed.